JUDGE ROBERTSON
delivered the opinion of the court.
This action in the form of detinue was brought in September, 1867, by the appellant against the appellees for a sorrel horse, and he prosecutes this appeal to reverse a judgment rendered on a verdict against him.
The facts authorize the following deductions by the jury: that in 1862, when the appellant, then living near the Big Hill in Madison County, owned the horse, it was taken from him against his will as Kirby Smith’s army passed into the heart of Kentucky; that in September, 1863, Newton Dickinson, a resident of Jessamine County, posted it as an estray before a justice of the peace of that county, whose certificate describing the horse and the poster, sufficiently for the identification of each, was within thirty days recorded in the county court of the same county, and published, as required by law, by being fixed on the door of the court-house; that in about a year afterward Newton Dickinson sold the horse to James Dickinson, who some time afterward sold it to Roberts, who in the year 1865 sold it to one of the appellees; and that the appellant never asserted his claim to the horse, *368 nor demanded, the possession, until a few days before he brought this action. And the jury had also a right to presume that the posting and publication were legal, and sufficiently conformable with the statute.
There being no substantial error in giving or withholding instructions, the only question is whether the law and the facts had divested the appellant of his title, and vested it in the appellees,; or either of them.
The statute evidently contemplates a retention of the horse for two years, so as to secure restitution to the owner for a reasonable time by reasonable diligence. But it might have been erroneous and injurious to lock the horse up for a longer time, at the expiration of which the title should pass to the taker-up, subject to the assessed value to the owner. Had the appellant therefore made demand of the poster within th,e prescribed two years, he might have recovered it from any person in possession; and his failing to make discovery and demand within that period must be deemed his own fault or misfortune, and not apparently resulting from the conduct of the poster, whose initiate and contingent title alone passed by his sale, and did not become consummate and absolute until the end of the two years without demand, when his sale of a prospective title divested the appellant of his right to the horse, and substituted a right to its reported value, and the poster’s liability to a fine. Any other constructive effect of the statute might often operate unjustly on purchasers, and generate, as it would in this case, multifarious litigation for comparatively nothing, and at last for a specific thing instead of its value. One of the appellees seems to have been a- bona fide purchaser of the horse, without notice of the appellant’s claim, and after he had been out of possession more than three years.
Wherefore the judgment is affirmed.